UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORMAN CRONEY,

        Plaintiff,

        -v-                9:23-CV-1449

DANNIELLE MEDBURRY, MICHAEL
DEAMORU, JANE/JOHN DOE, and
JOHN DOE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

NORMAN CRONEY
Plaintiff, Pro Se
16-A-0510
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. LETITIA JAMES            ALEXANDRA L. GALUS, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On November 17, 2023, *pro se* plaintiff Norman Croney ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that known and unknown DOCCS officials violated his rights while he was incarcerated at Marcy Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 5, 6.

On January 24, 2024, this Court granted plaintiff's IFP Application and, after conducting an initial review of the pleading, determined that plaintiff's First Amendment mail-tampering claims and Fourth Amendment invasion-of-privacy claims survived initial review and required a response from four defendants: Deputy Superintendent Medburry, Superintendent Deamoru, Corrections Officer John/Jane Doe, and Law Library Officer John Doe. Dkt. No. 8.

On May 31, 2024, after counsel entered a notice of appearance, the known defendants; *i.e.*, Medburry and Deamuro, moved for summary judgment or to dismiss plaintiff's claims. Dkt. No. 22. According to them, plaintiff had failed to exhaust his administrative remedies or, alternatively, failed to plausibly allege either defendant's "personal involvement" in the alleged

violations. *Id.* Plaintiff opposed, Dkt. No. 25, and defendants replied, Dkt. No. 26.

On November 12, 2024, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion should be denied. Dkt. No. 28. As Judge Stewart explained, summary judgment would be premature because plaintiff had offered certain documents that, together with his supporting allegations, tended to suggest that his grievances were not being properly processed at the relevant DOCCS facility. *Id.* Although Judge Stewart recognized that the Court could order an exhaustion hearing on this issue, he concluded that the better course of action would be to permit the parties to take discovery. *Id.*

As to the motion to dismiss, Judge Stewart concluded that plaintiff had sufficiently alleged that defendant Medburry and/or defendant Deamuro were "personally involved" for purposes of § 1983 because, as supervisory officials, they were alleged to have implemented the mail policy that led to the alleged tampering incidents in question. Dkt. no. 28.

Neither party has lodged objections. However, plaintiff has filed a letter motion requesting summary judgment. Dkt. No. 29. A review of plaintiff's letter motion shows that it does not conform in any meaningful respect with either Rule 56 of the Federal Rules of Civil Procedure or with the relevant Local Rules governing summary judgment. But even if this request were

otherwise proper, it would be premature for substantially same reasons that Judge Stewart gave in recommending the denial of defendants' motion for summary judgment. So it too will be denied. In sum, upon review for clear error, Judge Stewart's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 28) is ACCEPTED;

2. Defendants' motion for partial summary judgment or partial dismissal (Dkt. No. 22) is DENIED;

3. Plaintiff's letter motion (Dkt. No. 29) is DENIED; and

4. Defendants shall file and serve an answer on or before December 19, 2024.

The Clerk of the Court is directed to terminate the pending motions and set a deadline accordingly

IT IS SO ORDERED.

Dated:  December 5, 2024
         Utica, New York.

David N. Hurd
U.S. District Judge